**[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals

## For the First Circuit

————————————

No. 98-2147

UNITED STATES,

Appellee,

v.

ZULEIDA BERBERE, A/K/A SEALED DEFENDANT 8,

Defendant, Appellant.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

————————————

Before

Torruella, Chief Judge,

Coffin, Senior Circuit Judge,

and Selya, Circuit Judge.

————————————

José R. Franco-Rivera for appellant.
W. Stephen Muldrow, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Camille Vélez-Rivé, Assistant United States Attorney, were on brief, for appellee.

————————————

July 3, 2000

————————————

**Per Curiam.** Appellant Zuleida Berbere was indicted on three counts of violations of the narcotics laws (Counts One, Five, and Seven) and one count of money laundering (Count Nine). Count Nine stemmed from the same factual predicate, i.e., the same drug transaction, as Count Seven. Following a jury trial, appellant was acquitted of Counts One, Five, and Seven but was convicted on the money laundering count. Appellant appeals the verdict and the district court's denial of her Rule 29 motion for acquittal on the grounds that (1) the verdicts were inconsistent and (2) there was insufficient evidence to support her conviction. Having thoroughly reviewed the briefs and the record, we affirm for substantially the reasons expressed in the district court's opinion, see United States v. Zuleida Berbere, No. 97-173 (D.P.R. April 27, 1998), which we briefly summarize below.

First, as the district court indicated, the verdicts are not inconsistent. The elements of the charges in Counts Seven (importation of cocaine) and Nine (money laundering) are different: one is a drug trafficking charge and the other is a money laundering charge. It is well settled that verdicts are not inconsistent if the elements of the two charged counts are not identical. See, e.g., United States v. Crochiere, 129 F.3d 233, 239 (1st Cir. 1997). Further, even if we were to hold that the two verdicts are inconsistent, "the Supreme Court has made it clear that verdict inconsistency in itself is not a sufficient

basis for vacating a conviction," <u>United States</u> v. <u>López</u>, 944 F.2d 33, 41 (1st Cir. 1991) (citing <u>United States</u> v. <u>Powell</u>, 469 U.S. 57 (1984)), "as long as the appellate court is satisfied that there was sufficient evidence to sustain the counts of conviction," <u>United States</u> v. <u>Sullivan</u>, 85 F.3d 743, 747 (1st Cir. 1996).

In this case, the record contains ample evidence to support appellant's conviction. Specifically, the prosecution presented three witnesses who testified as to appellant's money laundering activities. It scarcely needs repeating that:

> An appellate court plays a very circumscribed role in gauging the sufficiency of the evidentiary foundation upon which a criminal conviction rests. The court of appeals neither weighs the credibility of the witnesses nor attempts to assess whether the prosecution succeeded in eliminating every possible theory consistent with the defendant's innocence.

<u>United States</u> v. <u>Noah</u>, 130 F.3d 490, 494 (1st Cir. 1997). Here, the jury chose to believe the testimony of the witnesses for the prosecution, which is clearly sufficient on its face to uphold appellant's conviction.

Appellant's arguments require no further discussion. Accordingly, for the reasons given, we **affirm**.